UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., ) ) Plaintiff, ) ) v. ) ) ) ROLAND TEINER COMPANY, INC., ) ) Defendant. ) | CIVIL ACTION NO. 10-11654-WGY |

MEMORANDUM AND ORDER

YOUNG, D.J.                                                   December 28, 2011

## I.   INTRODUCTION

The Conservation Law Foundation, Inc. ("CLF") commenced this action on September 28, 2010, by filing suit in this Court alleging that the Roland Teiner Company, Inc. ("Roland Teiner") had violated the Clean Water Act, 33 U.S.C. § 1251 et seq. (the "Act"), at its facility located at 134 Tremont Street, Everett, Massachusetts. Roland Teiner failed to plead or otherwise defend itself in this action, and this Court entered default judgment in CLF's favor on September 12, 2011. This Court also stated:

> It is hereby ORDERED, ADJUDGED AND DECREED that plaintiff recover from defendant Attorneys' Fees and costs, payable to the Conservation Law Foundation, Inc. in an amount

> to be based upon Plaintiff's fully supported
> motion to be filed within fourteen days after
> entry of this Order.

Sept. 12 Order, ECF No. 13.

CLF timely moved for attorneys' fees and costs on September 27, 2011. Mot. Att'y Fees & Costs, ECF. No. 14. After careful consideration, this Court grants CLF's motion, and awards CLF $14,647.30 in attorneys' fees, and $433.96 in litigation costs.

## II. ANALYSIS

### A. CLF's Entitlement to Attorneys' Fees and Costs

Under the Act, this Court may award litigation costs and attorneys' fees to a "prevailing" or "substantially prevailing" party, when the court "determines such award is appropriate." 33 U.S.C. § 1365(d). This Court entered default judgment for CLF, and found that CLF prevailed on its claims against Roland Teiner. Sept. 12 Order. Consequently, this Court grants CLF's current motion for attorneys' fees and costs under the Act but reduces the total amount of fees and costs.

### B. Reasonable Attorneys' Fees

#### 1. Methodology

CLF submitted affidavits and billing records of two attorneys, ultimately requesting 1) $2,830 for the 5.66 hours Attorney Christopher Kilian worked on this case, and 2) $38,885 for the 111.10 hours Attorney Cynthia Liebman DeCambre worked on this case, totaling $41,715. Mot. Att'y Fees & Costs, Ex. 1,

Hourly Fees of CLF 1 ("Time Log"), ECF No. 14-1.

The lodestar approach is the proper method to calculate attorneys' fees. Conservation Law Found., Inc. v. Patrick, 767 F. Supp. 2d 244, 250 (D. Mass. 2011). Under the lodestar approach, this Court determines the fees by calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The movant, CLF, bears the burden of establishing and documenting the hours expended and the hourly rates charged. Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 340 (1st Cir. 2008).

When calculating appropriate attorneys' fees with the lodestar method, "only hours that were reasonably expended on the litigation ought be included." Dixon v. International Bhd. of Police Officers, 434 F. Supp. 2d 73, 78 (D. Mass. 2006) (citing Hensley, 461 U.S. at 433). Even though Roland Teiner did not respond to CLF's motion here, this Court "has a right — indeed, a duty — to see whether counsel substantially exceeded the bounds of reasonable effort." United States v. Metropolitan Dist. Comm'n, 847 F.2d 12, 17 (1st Cir. 1988) (citation omitted). Thus, this Court may, and will, reduce the number of hours CLF billed that were "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.

## 2. Attorney Kilian's Hours

CLF claims that Kilian spent a total of 5.66 hours working on this case. Time Log 3. After reviewing his records, this Court reduces Kilian's time to 3.33 hours.

This Court notes that Kilian spent an extensive amount of time, 4.66 out of his total 5.66 hours, conferencing with other CLF and pro bono attorneys. While conferencing is "a necessary element of managing . . . litigation competently," Roland Teiner should not be liable for the costs of excessive conferencing. See Conservation Law Found., 767 F. Supp. 2d at 254 (applying flat rate reduction in fees for excessive conferencing)(citing Rosie D. ex rel. John D. v. Patrick, 593 F. Supp. 2d 325, 332 (D. Mass. 2009) (Ponsor, J.) (approving fees for conferencing where case was "enormously complex, both factually and legally")). Unlike a recent decision on attorneys' fees involving the same plaintiff before this Court, see Conservation Law Found., 767 F. Supp. 2d at 254, this case was a default judgment and Roland Teiner never appeared or defended itself. Notably, more than half of the hours billed by Attorney Kilian in this case were related to the default judgment. In addition, Attorney Liebman DeCambre has also separately billed for many of these conferences. Consequently, this Court reduces by half the 4.66 hours Kilian spent conferencing with the other attorneys.

### 3. Attorney Liebman DeCambre's Hours

CLF claims that Attorney Liebman DeCambre spent a total of 111.10 hours working on this case. Time Log 1. After careful review, this Court reduces Liebman DeCambre's total time to 87.80 hours, 20.00 of which are compensable at half of Liebman DeCambre's normal rate.

#### a. Insufficient Records

To recover any fees, CLF must submit "detailed contemporaneous time records," the absence of which "will call for a substantial reduction in any award or, in egregious cases, disallowance." Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 (1st Cir. 1984). Under this requirement, records lacking "the nature of the work performed during the hour or hours in question should be refused." Calhoun v. Acme Cleveland Corp., 801 F.2d 558, 560 (1st Cir. 1986) (quoting King v. Greenblatt, 560 F.2d 1024, 1027 (1st Cir. 1977)); accord Torres-Rivera, 524 F.3d at 336 ("[T]ime records may be too generic, and, thus, insufficient as a practical matter to permit a court to answer questions about excessiveness, redundancy, and the like.").

At least twenty-four entries in Liebman DeCambre's time log fail to meet this requirement. These entries, such as "Mystic file review," "Mystic legal research," and simply "MSGP," see Time Log 4-15, do not offer adequate detail as required under Grendel's Den. For example, on April 28, 2010, Liebman DeCambre

5

spent as much as nine hours on "MSGP Cases," with 1.5 hours billed out to Roland Teiner. Id. at 7. Liebman DeCambre failed to document adequately a total of 8.10 hours under these entries, and this Court will disallow these hours.

### b. Administrative Tasks

Liebman DeCambre billed a total of 20.00 hours for nonlegal work, which included tasks such as "Circulat[ing] mspg document," preparing "Mystic task list," and "Call[ing] with Judge Young's clerk Re: Status of Case." See Time Log 4-15. "[C]lerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them." Lipsett v. Blanco, 975 F.2d 934, 940 (1st Cir. 1992). This Court consequently will allow this time to be compensated at half of Liebman DeCambre's normal rate. See Conservation Law Found., 767 F. Supp. 2d at 254 (compensating attorney's time spent on nonlegal tasks at half of her normal rate).

### c. Unrelated Tasks

Liebman DeCambre billed 1.25 hours for her time working with several expert witnesses, such as "Draft[ing]/send[ing] expert contract," "Finaliz[ing] arrangements for experts," and conducting several phone calls with these experts. See Time Log 7-14. Liebman DeCambre's records suggest that CLF had retained these experts for a number of its other cases unrelated to this one. Roland Teiner did not defend itself in this case, and at no

point were these experts' services necessary.  Consequently, this
time is disallowed.  Cf. American Canoe Ass'n, Inc. v. United
States Envtl. Prot. Agency, 138 F. Supp. 2d 722, 747 (E.D. Va.
2001) (disallowing costs associated with an expert "who did not
and would not have testified, as the case proceeded on the
administrative record").

Liebman DeCambre also billed 2.62 hours for several site
visits.  E.g. Time Log 3.  These visits, as Liebman DeCambre
explains, were necessary because CLF was not able to conduct
factual discovery, and had to arrange for experts to conduct site
investigations.  See Liebman DeCambre Decl. ¶ 17, ECF No. 16.  As
discussed above, this Court is not convinced that these site
investigations, which also concerned cases other than this one
involving Roland Teiner, were necessary in this case.  For
example, all of the listed site visits occurred after the
complaint was filed on September 28, 2010.  Compl., ECF. No. 1.
Nor has Liebman DeCambre demonstrated why it was necessary for
her, an attorney, to personally conduct the site visits.  Liebman
DeCambre has already billed time for reviewing files and photos
from these site investigations, which this Court will allow.  The
Court will, however, disallow Liebman DeCambre's time spent on
the actual visits, as CLF did not meet its burden of establishing
the hours expended.  See Torres-Rivera, 524 F.3d at 340.

Finally, Liebman DeCambre billed 0.63 hours for supervising

her staff, volunteer attorneys, and interns, including time spent providing comments and feedback. See Time Log 4, 6, 13. Though insignificant, this time is disallowed as this Court will not make Roland Teiner foot a bill for tasks unrelated to this case.

### d. Other Deductions

Finally, this Court notes that Liebman DeCambre, who possesses seven years of practice experience in the field of environmental law, and has conducted citizen enforcement litigation in federal courts under the Act for four and half years, see Liebman DeCambre Decl. ¶ 3, spent a significant amount of time working on two of CLF's motions: Motion for Extension of Time to File Motion for Default Judgment ("Motion for Extension"), ECF No. 9, and the instant Motion for Award of Attorney's Fees and Costs of Litigation ("Motion for Fees"), ECF No. 14.

Liebman DeCambre spent 6.00 hours drafting and reviewing the four-page Motion for Extension. This motion was fairly simple, and while this Court does not second-guess Liebman DeCambre's efforts, it does conclude that the six hours she spent on this motion is excessive. See Chao v. Ballista, No. 07cv10934-NG, 2011 WL 3654040, at *6 (D. Mass. Aug. 18, 2011) (Gertner, J.) (denying compensation for time spent on a motion for extension). Instead of disallowing her time spent on this motion, this Court reduces Liebman DeCambre's time to 2.00 hours.

Liebman DeCambre then spent a total of 13.70 hours on the Motion for Fees and supporting 10-page memorandum.  Again, in light of Liebman DeCambre's experience with the Act, under which motions for attorneys' fees constantly arise, this Court finds the 13.70 hours excessive in this case, which did not involve new or complex legal and factual issues, or even an appearance by Roland Teiner.  Consequently, this Court reduces this time to 7.00 hours.

### 4. Hours Summary

In light of the above, this Court determines that 3.33 hours of Attorney Kilian's time shall be compensable at his normal rate, 67.8 hours of Attorney Liebman DeCambre's time shall be compensable at her normal rate, and 20.00 hours of Attorney Liebman DeCambre's time shall be compensable at half of her normal rate.

### 5. Reasonable Rates

This Court will next determine the reasonable hourly rates for Kilian and Liebman DeCambre.  Reasonable rates are calculated "according to the prevailing market rates in the relevant community," Blum v. Stenson, 465 U.S. 886, 895 (1984), and are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Id. at 896 n.11.  CLF bears the burden of justifying the reasonableness of the requested rates.  Id.

CLF submits the Declaration of Nora Chorover, ECF No. 14-3, who opines that it is reasonable, and consistent with the market rate in Boston, for Kilian to charge $500 per hour, and for Liebman DeCambre to charge $350 per hour. The Court is not persuaded by this affidavit. Courts in the First Circuit have already determined the reasonable Boston rates for attorneys litigating similar cases. See, e.g., United States Pub. Interest Research Grp. v. Stolt Sea Farming, Inc., 301 F. Supp. 2d 46, 48-49 (D. Me. 2004) (approving Boston rates ranging from $170 to $310 per hour for litigation under the Act). More importantly, this Court has recent held in Conservation Law Found., 767 F. Supp. 2d at 257, a recent case under the Act also involving attorneys Kilian and Liebman DeCambre, that Kilian would be compensated at $310 per hour, and Liebman DeCambre would be compensated at $175 per hour. Therefore, Kilian and Liebman DeCambre's rates are $310 and $175 per hour, respectively.

**C. Total Fees**

Per the above determinations, this Court concludes that CLF is entitled to recover $14,647.30 in attorneys fees.

**D. Costs**

CLF may also recover litigation costs under the Act. 33 U.S.C. § 1365(d). CLF seeks to recover $491.96 in such costs, including the filing fee, process server fee, expenses associated with experts, and various mailing fees. See CLF Expenses, ECF

No. 14-2.  As discussed above, CLF cannot recover the $58.00 associated with its experts' site visits, as these experts' services were unnecessary in this case.  <u>Supra</u> Section II.B.3.c. This Court will therefore award CLF $433.96 in litigation costs.

**III. CONCLUSION**

For the foregoing reasons, this Court grants CLF's Motion for Attorneys' Fees and Costs.  <u>See</u> ECF No. 14.  Roland Teiner shall compensate CLF with $14,647.30 in attorneys' fees, and $433.96 in litigation costs.

IT IS SO ORDERED.


       /s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE